**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10011 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00082-JMS-1 |
| v. | |
| CHUN MEI TONG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted January 18, 2022[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Chun Mei Tong appeals the restitution order entered as part of her criminal

sentence for wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identify

theft, in violation of 18 U.S.C. § 1028(a)(1). We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Tong's conviction was based on a scheme in which she acted as a landlord in the Section 8 housing program under false pretenses. The district court required Tong to pay $207,874 in restitution to the City and County of Honolulu Department of Community Services and the State of Hawaii Public Housing Authority, the entities that paid Tong for providing Section 8 housing. *See United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004). Tong argues that the district court overstated the victims' loss because, had they not paid her, they would have paid a similar amount to a different landlord. Because Tong did not raise that argument below, we review only for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To be plain, an "error must be clear or obvious"; it "must have affected the appellant's substantial rights"; and it must "seriously affect[] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734, 736 (1993)).

No clear or obvious error occurred here. We have previously upheld restitution orders requiring defendants to pay back their full gains attributable to fraud, even where the victims would have paid the same amount to someone else if the fraud had not occurred. *See United States v. Petersen*, 98 F.3d 502, 510 (9th Cir. 1996); *United States v. Hunter*, 618 F.3d 1062, 1064–65 (9th Cir. 2010). Like the victims in those cases, the Section 8 administrators here "suffered a loss by paying out [the amount] under false pretenses." *Petersen*, 98 F.3d at 510. It was

2

therefore appropriate for the district court to require Tong to repay the amount that she obtained because of her fraud.

**AFFIRMED.**